

# Fourth Court of Appeals
## San Antonio, Texas

May 6, 2015

No. 04-15-00175-CV

**TEXAS MUTUAL INSURANCE COMPANY**,
Appellant

v.

Andrew S. **MCGAHEY**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-12185
Honorable Richard Garcia, Judge Presiding

# O R D E R

Texas Mutual Insurance Company appeals the trial court's orders on cross-motions for summary judgment signed February 27, 2015. Our review of the clerk's record raises questions regarding our jurisdiction over this appeal.

A summary judgment order "is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court … or it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). The record before us reflects that Texas Mutual Insurance Company sued Andrew S. McGahey and the Texas Department of Insurance, Division of Workers' Compensation, seeking review of a final decision of the workers' compensation division awarding income benefits to McGahey and seeking a declaratory judgment regarding the Department's interpretation and application of a section of the Texas Labor Code. Texas Mutual filed a motion for summary judgment. The Department filed a plea to the jurisdiction, and both the Department and McGahey filed cross motions for summary judgment. The trial court referred the case to an associate judge. The record contains a handwritten associate judge's report that indicates the judge's rulings would be rendered in separate signed orders. Our record contains two orders signed on February 27, 2015: an order that denies Texas Mutual's motion for summary judgment and an order that grants McGahey's motion for summary judgment. However, neither order expressly disposes of any issue or party in the case and neither order contains any finality language. Moreover, although McGahey's motion for summary judgment prayed for attorney's fees and costs, the order granting his motion for summary judgment does

not dispose of the claims for fees and costs.  Finally, nothing in the record before us purports to dispose of Texas Mutual's claims against the Department.

We therefore order appellant to show cause in writing to this court no later than **May 21, 2015** why this appeal should not be dismissed for lack of jurisdiction.  If a supplemental clerk's record is required to demonstrate our jurisdiction, appellant must (a) ask the trial court clerk to prepare the record, and (b) notify this court that such a request was made.  If necessary, the court will entertain a motion to briefly abate the appeal to allow the trial court to sign a final judgment, if such was the trial court's intent.  We further order the appellate deadlines suspended until further order of this court.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of May, 2015.

Keith E. Hottle
Clerk of Court